# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-12

CARRON HANKS JOHNSON

VERSUS

LANEY A. STRANGE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 257,363
HONORABLE MONIQUE RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

JUDGMENT VACATED; REMANDED
FOR FURTHER PROCEEDINGS.

Herman M. Savoie, Jr.
Attorney at Law
Post Office Box 7386
Alexandria, LA 71306
(318) 448-8002
COUNSEL FOR DEFENDANT-APPELLANT:
    Laney A. Strange

**Michael H. Davis**
**Attorney at Law**
**2017 MacArthur Drive,**
**Building 4, Suite A**
**Alexandria, LA 71301**
**(318) 445-3621**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
  **Carron Hanks Johnson**

**PICKETT, Judge.**

The defendant appeals the trial court's finding that his payment of the balance due on a promissory note to one of the two payees on the note did not satisfy his obligation to both payees and its judgment ordering him to pay the plaintiff/payee $5,994.98, together with legal interest thereon from the date of judicial demand. The plaintiff filed an answer, asserting the trial court's award is insufficient and should be increased. For the reasons below, the trial court's judgment is vacated, and the matter is remanded for further proceedings.

## FACTS

In 1998, Laney Strange purchased a piece of property in Rapides Parish from Luther Duck and Carron Duck, now Johnson, for $60,000.00. The Ducks financed the purchase, and Mr. Strange paid them a $6,000.00 deposit and signed a promissory note (the note) payable to Mr. Duck and Ms. Johnson, in the amount of $54,000.00. The note provided for repayment to be made in 179 monthly installments in the amount of $547.70 per month beginning January 1, 1999, and ending December 1, 2014; a conventional mortgage secured the note. Mr. Strange made monthly payments on the note until October 2007, when he paid the $31,226.92 balance then due with a certified check made payable to Mr. Duck. Mr. Duck negotiated the check, marked the note "Paid in Full," and returned it to Mr. Strange who had the mortgage on the property cancelled.

On November 15, 2016, Ms. Johnson filed suit against Mr. Strange asserting: she and Mr. Duck divorced in October 2007; she had not been paid any of the money Mr. Strange paid to Mr. Duck; and Mr. Strange still owed her $15,613.46, together with legal interest thereon from the date of judicial demand.

Mr. Strange answered the suit, asserting Ms. Johnson's claims against him had prescribed pursuant to La.Civ.Code art. 3499, which provides that claims on notes payable in installments, prescribe five years after the last installment is due.

The trial court conducted a bench trial on February 11, 2020. After the parties rested, the trial court determined that Mr. Stange's debt to the Ducks is a divisible obligation as contemplated by La.Civ.Code art. 1815 because it was susceptible of division; therefore, Mr. Strange owed Mr. Duck *and* Ms. Johnson each one-half of the debt. The trial court then considered Mr. Strange's plea of prescription and determined a portion of Mrs. Johnson's claim had prescribed. Upon request, the trial court allowed the parties to file post-trial briefs as to the balance of Mr. Strange's obligation to Mrs. Johnson. Thereafter, the trial court awarded judgment to Mrs. Johnson in the amount of $5,994.98, representing one-half of the amount the trial court determined Mr. Strange owed her for the unprescribed payments on the promissory note.

Mr. Strange and Ms. Johnson appeal the judgment.

## ASSIGNMENTS OF ERROR

Mr. Strange assigns one error on appeal:

> The lower court erred in reaching the conclusion that Plaintiff/Appellee was not a solidary obligee under Article 1790 of the Louisiana Civil Code so that payment/performance in full by Defendant/Appellant to the other solidary obligor extinguished the obligation evidenced by the Promissory Note marked paid in full and returned to Defendant/Appellant.

In her Answer, Ms. Johnson also assigns one error:

> [T]he Trial Court applied the wrong prescriptive period and . . . based her ruling on an amortization schedule that was not part of the record but was provided to the Court via post–trial memorandum.

2

## JOINDER OF PARTIES

During trial, Ms. Johnson testified that after learning Mr. Strange had paid the balance owed on the note to Mr. Duck, she filed suit against Mr. Duck in Arkansas to recover her share of the amount Mr. Strange paid.  She explained, however, that the Arkansas court did not allow her to proceed with her claim because it involved a Louisiana contract for the purchase of real estate situated in Louisiana.  The trial court questioned Mr. Duck's absence from this litigation and his potential liability to Mrs. Johnson and/or Mr. Strange for the money Ms. Johnson seeks to recover from Mr. Strange.  Therefore, before addressing the merits of this appeal, we must consider whether Mr. Duck should be made a party to this litigation.

Louisiana Code of Civil Procedure Article 641(1) provides:  "A person shall be joined as a party in the action when . . . {i]n his absence complete relief cannot be accorded among those already parties."  If no party in the litigation pleads the absence of a necessary party, an appellate court can notice his absence on its own motion.  La.Code Civ.P. art. 645; La.Code Civ.P. art. 927(B).

In *Two Canal Street Investors, Inc. v. New Orleans Building Corp.*, 16-825 (La.App. 4 Cir. 9/23/16), 202 So.3d 1003, 1011-12 (citation omitted), the court observed that pursuant to Article 641:  "Parties needed for just adjudication in an action are those who have an interest relating to the subject matter of the action and are so situated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action."  The court continued, noting:  "A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights."  *Id*. at 1012.  When considering whether a party is needed, the court must conduct "an analysis of the interests of the joined

and nonjoined parties" and determine whether the action can proceed to judgment. *Lowe's Home Constr., LLC v. Lips*, 10-762, p. 6 (La.App. 5 Cir. 1/25/11), 61 So.3d 12, 16; *writ denied*, 11-371 (La. 4/25/11), 62 So.3d 89.

Louisiana's negotiable instruments law provides guidance for our determination as to whether Mr. Duck is a necessary party to this litigation. Uniform Commercial Code–Negotiable Instruments, Section 3-110, provides, in pertinent part: "If an instrument is payable not alternatively to two or more persons, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them." La.R.S. 10:3-101(d).[1] Uniform Commercial Code Comment 4 to La.R.S. 10:3-110, further explains:

> If an instrument is payable to X and Y, neither X nor Y acting alone is the person to whom the instrument is payable. Neither person, acting alone, can be the holder of the instrument. The instrument is "payable to an identified person." The "identified person" is X and Y acting jointly. Section 3-109(b) and Section 1-102(5)(a). Thus, under Section 1-201(20) X or Y, acting alone, cannot be the holder or the person entitled to enforce or negotiate the instrument because neither, acting alone, is the identified person stated in the instrument.

In the current posture of this litigation, neither Mr. Strange nor Ms. Johnson can obtain full relief in Mr. Duck's absence. Mr. Duck and Ms. Johnson may, or may not, have entered into an agreement in their divorce proceedings that entitled Mr. Duck to all the funds owed by Mr. Strange. If they did, the trial court's judgment obligates Mr. Strange to pay twice for the same obligation. If they did

---

[1] Louisiana Revised Statutes § 10:3-110(d) states:

> (d) If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

not, Mr. Duck is accountable to Ms. Johnson for her share of the proceeds Mr. Strange paid to him. As provided in La.R.S. 10:3-101 and explained in Comment 4, because Mr. Strange's note is payable to Mr. Duck and Ms. Johnson, Mr. Duck is a necessary party to this litigation, as contemplated by Article 641.

Now, we must determine whether Mr. Duck's joinder in this litigation is feasible and determine whether the litigation should be allowed to continue or be dismissed. *See Lowe's*, 61 So.3d 12. Louisiana's long-arm statute specifically addresses the situation herein: "A court may exercise personal jurisdiction over a nonresident, who acts directly . . . as to a cause of action arising from" the nonresident's "[t]ransacting . . . business in this state." La.R.S.13:3201(A)(1). The act of sale, promissory note, and the mortgage were all confected in Louisiana, and the property that is the subject of those documents is situated in Louisiana. Accordingly, the trial court may exercise jurisdiction over Mr. Duck.

When a necessary party to the litigation is absent, any judgment rendered is an absolute nullity. *Vision Aviation, LLC v. Airport Auth. for Airport Dist. No. 1 of Calcasieu Par.*, 09-974 (La.App. 3 Cir. 3/10/10), 33 So.3d 423, *writ denied*, 10-809 (La. 6/4/10), 38 So.3d 309. In such cases, the court must set aside the judgment and remand the matter to the trial court for joinder of the absent party and retrial. *Id.*

## DISPOSITION

For these reasons, the judgment of the trial court is vacated, and the matter is remanded to the trial court for further proceedings. Costs are of this appeal are to be assessed at the conclusion of the litigation.

**JUDGMENT VACATED; REMANDED FOR FURTHER PROEEDINGS.**